UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON PARNELL STONE, | No. 2:14-cv-0364 CKD P |
| Petitioner, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATIONS, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Petitioner has consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c) and Local Rule 302. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Petitioner challenges his 2006 conviction in the Sacramento County Superior Court on multiple counts of violating California Penal Code § 288(a), for which he was sentenced to a prison term of 18 years. (ECF No. 1.) The court has examined its records and finds that

1  petitioner challenged this same conviction in an earlier action, <u>Stone v. Martel</u>, 2:10-cv-3454
2  KJM GGH P (E.D. Cal.), which was dismissed for untimeliness on March 26, 2012.  See also
3  <u>Stone v. Holland</u>, 2:13-cv-0518 GGH KJM P (E.D. Cal.), Order of June 26, 2013 (dismissing
4  petition challenging 2006 conviction as successive).

5      A petition is second or successive if it makes "claims contesting the same custody
6  imposed by the same judgment of a state court" that the petitioner previously challenged, and on
7  which the federal court issued a decision on the merits.  <u>Burton v. Stewart</u>, 549 U.S. 147, 153
8  (2007).  A second or subsequent habeas petition is not considered "successive" if the initial
9  habeas petition was dismissed for a technical or procedural reason.  See <u>Slack v. McDaniel</u>, 529
10 U.S. 473, 485–487 (2000).  However, in <u>McNabb v. Yates</u>, 576 F.3d 1028,1030 (9th Cir. 2009),
11 the Ninth Circuit held that dismissal of a habeas petition for failure to comply with the AEDPA
12 statute of limitations renders subsequent petitions challenging the same conviction successive.
13 Because petitioner's prior federal habeas petition was dismissed for untimeliness, the instant
14 petition is successive.

15     Before filing a second or successive petition in district court, a petitioner must obtain from
16 the appellate court "an order authorizing the district court to consider the application."  28 U.S.C.
17 § 2244(b)(3)(A).  Without an order from the appellate court, the district court is without
18 jurisdiction to consider a second or successive petition.  See <u>Burton</u>, 549 U.S. at 152, 157.  As
19 petitioner offers no evidence that the appellate court has authorized this court to consider a second
20 or successive petition challenging his 2006 conviction, this action will be dismissed for lack of
21 jurisdiction.
22 ////
23 ////
24 ////
25 ////
26 ////
27 ////
28 ////

Accordingly, IT IS HEREBY ORDERED THAT:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 7) is granted;

2. The petition is dismissed for lack of jurisdiction;

3. Petitioner's motion for relief of judgment (ECF No. 6) is denied as moot; and

4. The Clerk of Court shall close this case.

Dated: March 6, 2014

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / parn0364.succ